IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAR-FRESHNER CORPORATION,<br><br>and<br><br>JULIUS SÄMANN LTD.,<br><br>       *Plaintiffs*,<br><br>     v.<br><br>AMERICAN COVERS, INC. d/b/a HANDSTANDS,<br><br>       *Defendant*. | Civil Action No.: 7:12-CV-1871 [GLS/DEP]<br><br>**COMPLAINT AND JURY DEMAND** |

  Plaintiffs CAR-FRESHNER Corporation ("CFC") and Julius Sämann Ltd. ("JSL") (collectively, "Plaintiffs") allege as follows, with knowledge as to their own actions and upon information and belief as to the activities of others:

### JURISDICTION AND VENUE

  1. This action arises under the federal Trademark Act, 15 U.S.C. § 1051 *et seq.*, and related state statutes and the common law. This Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1338(a) and (b), and 28 U.S.C. § 1367(a).

  2. Venue is proper in this judicial district.

### PARTIES

  3. Plaintiff CFC is a Delaware corporation that has its principal place of business at 21205 Little Tree Drive, Watertown, New York 13601-0719.

  4. Plaintiff JSL is a Bermuda corporation that has a place of business at Victoria Place, 31 Victoria Street, Hamilton HM10, Bermuda.

5.  Defendant American Covers, Inc. d/b/a Handstands ("American Covers") is a Utah corporation with a place of business at 102 West 12200 South, Draper, Utah 84020.

6.  At all relevant times, Defendant has been, and presently is, regularly doing business in the State of New York, and in this judicial district2

## PLAINTIFFS' BUSINESS AND TRADEMARKS

7.  For over 60 years, directly and/or by license from JSL and its predecessors, CFC and its predecessors have manufactured and marketed products using distinctive Tree designs as trademarks and corporate identifiers, including the world famous air fresheners in the distinct Tree design shape sold under the LITTLE TREES brand ("LITTLE TREES Air Fresheners"). As a result of their long and extensive sale across the United States, Plaintiffs' products are well known and well received.

8.  Starting in 2004, Plaintiffs began advertising and selling the LITTLE TREES Air Fresheners in connection with the mark "LET IT HANG" (the "LET IT HANG Mark").

9.  Plaintiffs have sold and advertised their air fresheners in connection with the LET IT HANG Mark in a number of ways, including, *inter alia*, use of point of sale displays, on delivery vehicles, and on promotional merchandise, as shown below:

  

Point of Sale Displays    Promotional Merchandise    Delivery Vehicles

10. Plaintiffs have used the LET IT HANG Mark in connection with the sale and advertising of their air freshener products throughout the United States.

11. Plaintiffs have spent, and continue to spend, significant amounts of time and money developing, testing and promoting their air fresheners in connection with the LET IT HANG Mark. Due to the significant expenditure of time and money, Plaintiffs' products are recognized by the general consuming public as quality air fresheners with a pleasing fragrance.

12. As a result of Plaintiffs' long, extensive, and widespread use of the distinctive LET IT HANG Mark, the general consuming public in the United States recognizes the LET IT HANG Mark as exclusively associated with Plaintiffs and their products, and Plaintiffs have gained common law trademark rights to the LET IT HANG Mark.

13. The LET IT HANG Mark is inherently distinctive and/or has acquired distinctiveness, represents valuable goodwill, has gained a reputation for quality belonging exclusively to Plaintiffs, and is widely recognized by the general consuming public of the United States as a designation of the source for Plaintiffs' products.

## DEFENDANT'S ACTIVITIES

14. Defendant is a manufacturer and distributor of competing air fresheners, including automotive air fresheners.

15. As a direct competitor to Plaintiffs in the air freshener market, Defendant is undoubtedly familiar with Plaintiffs' famous products and Plaintiffs' widespread use of the LET IT HANG Mark.

16.     Defendant recently began selling competing automotive air fresheners using the LET IT HANG Mark (the "Infringing Air Fresheners"). See below for pictures of some of the Infringing Air Fresheners:

 

17.     The Infringing Air Fresheners are prominently advertised on Defendant's website, located at <www.Handstands.com>.

18.     Defendant's use of the LET IT HANG Mark on the Infringing Air Fresheners is identical in appearance, connotation, and sound to Plaintiff's own use of the LET IT HANG Mark.

19.     Given that Defendant is using an identical mark to sell directly competing goods, customers familiar with Plaintiffs' goods will likely assume, incorrectly, that the Infringing Air Fresheners originated from Plaintiffs or that there is an affiliation between the parties, or that Plaintiffs have sponsored, endorsed, or approved the Infringing Air Fresheners.

20. Additionally, given Defendant's use of the identical LET IT HANG Mark to sell automotive air fresheners, consumers are likely to assume that Defendant's Infringing Air Fresheners are of the same high quality as the air fresheners that Plaintiffs sells in connection with the LET IT HANG Mark.

21. Defendant's use of the LET IT HANG Mark in connection with the violent imagery found on the Infringing Air Fresheners (as shown in paragraph 16) is likely to tarnish Plaintiffs' business and goodwill due to customers associating the Infringing Air Fresheners with the LET IT HANG Mark and Plaintiffs.

22. This is not the first time that Defendant has been caught appropriating Plaintiffs' intellectual property. In 2011, Plaintiffs discovered that Defendant was selling automotive air fresheners featuring Plaintiffs' famous Tree design mark. That matter was resolved with a settlement agreement where Defendant stated that it "acknowledges that it used [Plaintiffs' intellectual property] in commerce without permission."

23. Defendant's use of the LET IT HANG Mark on the Infringing Air Fresheners is, therefore, just the latest example of an overall scheme to free-ride on the enormous goodwill established in Plaintiffs' quality products.

24. Defendant, by its acts complained of herein, has infringed the LET IT HANG Mark, unfairly competed with Plaintiffs in the marketplace, and otherwise improperly used the reputation and goodwill of Plaintiffs to promote its services, which are not connected with, or authorized, approved, licensed, produced or sponsored by, Plaintiffs.

25. The aforesaid acts of Defendant have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## CLAIMS FOR RELIEF

### COUNT I
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (FEDERAL)

26. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 26 as if set forth herein.

27. Defendant's unlawful and improper actions, as set forth above, are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendant's goods and/or services, and to falsely mislead consumers into believing that Defendant's Infringing Air Fresheners originate from, are affiliated or connected with, or are approved by, Plaintiffs.

28. Accordingly, Defendant's activities constitute an infringement of the LET IT HANG Mark, and unfair competition in violation of 15 U.S.C. § 1125(a).

29. Defendant's acts of infringement and unfair competition have caused CFC and JSL to sustain monetary damage, loss, and injury, in an amount to be determined at trial.

30. Defendant has engaged in these activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

31. Defendant's acts of infringement and unfair competition, unless enjoined by this Court, will continue to cause CFC and JSL to sustain irreparable damage, loss and injury, for which CFC and JSL have no adequate remedy at law.

### COUNT II
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

32. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 32 as if set forth herein.

33. Defendant's activities complained of herein constitute deceptive acts or practices in the conduct of business, trade, or commerce, or in the furnishing of services, in the State of New York.

34. Plaintiffs have been injured by reason of Defendant's deceptive acts or practices.

35. Defendant's aforesaid violations of New York General Business Law § 349 have caused Plaintiffs to sustain monetary damage, loss and injury, in an amount to be determined at trial.

36. Defendant engaged in this activity willfully and knowingly, so as to justify the assessment of increased damages against it, in an amount to be determined at trial.

## COUNT III
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-l

37. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 37 as if set forth herein.

38. Defendant's acts diluted and are likely to continue diluting Plaintiffs' distinctive trademarks. Defendant's acts also injured the business reputation of Plaintiffs, in violation of Plaintiffs' rights under New York General Business Law § 360-l.

39. Defendant's violations of New York General Business Law § 360-l have caused CFC and JSL to sustain monetary damage, loss and injury, in an amount to be determined at trial.

40. Defendant's violations of New York General Business Law § 360-l, have caused CFC and JSL to sustain irreparable harm, for which CFC and JSL have no adequate remedy at law.

## COUNT IV
### UNFAIR COMPETITION (COMMON LAW)

41. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 41 as if set forth herein.

42. Defendant's activities complained of herein constitute forms of unfair competition under New York State common law.

43. Defendant's aforesaid violations of New York State common law have caused CFC and JSL to sustain monetary damage, loss and injury, in an amount to be determined at trial.

44. Defendant fraudulently engaged in this activity willfully and wantonly with morally culpable behavior, so as to justify the assessment of punitive damages against it, in an amount to be determined at trial.

45. Defendant's aforesaid violations of New York State common law, unless enjoined by this Court, will continue to cause CFC and JSL to sustain irreparable damage, loss and injury, for which CFC and JSL have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs CAR-FRESHNER Corporation and Julius Sämann Ltd. demand judgment against Defendant American Covers, Inc. d/b/a Handstands:

A. For a preliminary and permanent injunction against Defendant and each of its affiliates, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with it who receive actual notice of the Order, by personal service or otherwise:

1. Restraining and enjoining the production, sale, license, distribution, promotion, and display of the Infringing Air Fresheners.

2. Restraining and enjoining the use of the LET IT HANG Mark, or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of the LET IT HANG Mark without Plaintiffs' permission; the use the LET IT HANG Mark, or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of the LET IT HANG Mark in communications with public media distributed to or within the United States without Plaintiffs' permission; or in any other manner suggesting in any way that Defendant and/or its activities, services or products originate from, are affiliated with or

authorized by Plaintiffs, or that CFC and JSL and/or their activities, services or products are affiliated in any way with Defendant without Plaintiffs' permission.

    3.    Restraining and enjoining the use of any other mark, term, slogan, tagline or phrase without Plaintiffs' permission which suggests or tends to suggest in any way that Defendant and/or its activities, services or products originate from, are affiliated with, or authorized by, Plaintiffs, or that CFC and JSL or their activities, services or products are affiliated in any way with Defendant.

    4.    Restraining and enjoining the use and/or importation in connection with any goods or services, any false or deceptive designation, description or representation, whether by words or symbols, which suggests or implies any relationship with Plaintiffs or gives Defendant an unfair competitive advantage in the marketplace.

    5.    Restraining and enjoining Defendant from violating 15 U.S.C. § 1125(c).

    6.    Restraining and enjoining Defendant from violating New York General Business Law §§ 349 and 360-l.

    7.    Restraining and enjoining Defendant from engaging in any acts of common law unfair competition which would damage or injure CFC or JSL.

    8.    Restraining and enjoining Defendant from inducing, encouraging, instigating, aiding, abetting, or contributing in any third party usage of the LET IT HANG Mark.

    B.    That in accordance with 15 U.S.C. § 1118, all materials, packaging, labels, tags, pamphlets, brochures, signs, sales literature, stationery, advertisements, billboards, banners, posters, documents and the like in the possession or under the control of Defendant and its affiliates, and all plates, molds, matrices, negatives, masters and other means of making the

same, which might, if used, violate the Order herein granted, be delivered up and destroyed as the Court shall direct.

      C.      That in accordance with 15 U.S.C. § 1116, Defendant file with the Court and serve on counsel for Plaintiffs within thirty (30) days after service on Defendant of such Order, or within such extended period as this Court may direct, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the Order.

      D.      For an award of Defendant's profits or other advantages, Plaintiffs' damages resulting from Defendant's unlawful acts set forth herein, and/or a reasonable royalty for Defendant's unlawful use of the LET IT HANG Mark, in an amount to be proven at the time of trial, together with legal interest from the date of accrual thereof.

      E.      For an award of treble damages, in an amount to be proven at the time of trial, pursuant to 15 U.S.C. § 1117.

      F.      For an award of exemplary and punitive damages and/or increased profits, in an amount to be proven at the time of trial.

      G.      For an award of attorneys' fees and disbursements incurred by CFC and JSL in this action.

      H.      For an award of costs of this action.

      I.      That CFC and JSL be awarded such other and further relief as the Court may deem equitable and proper.

**JURY DEMAND**

Plaintiffs demand trial by jury.

Respectfully submitted,

**s/James E. Rosini**

Dated:   December 20, 2012          By: _____
James E. Rosini [516478]
Michelle Mancino Marsh [516463]
Aaron D. Johnson [517440]
KENYON & KENYON LLP
1 Broadway
New York, New York 10004-1007
Telephone  (212) 425-7200
Facsimile   (212) 425-5288
jrosini@kenyon.com
mmarsh@kenyon.com
ajohnson@kenyon.com

Ashley D. Hayes [511333]
HANCOCK ESTABROOK LLP
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Telephone: (315) 565-4526
Fax: (315) 565-4626
Email: ahayes@hancocklaw.com

*Attorneys for Plaintiffs*
*CAR-FRESHNER Corporation and*
*Julius Sämann Ltd.*